[Civil No. 575.   Filed April 16, 1898.]

[53 Pac. 205.]

JAMES REILLY, Plaintiff and Plaintiff in Error, v. COUNTY OF COCHISE, Defendant and Defendant in Error.

1. OFFICE AND OFFICERS—SUPERVISORS—ACTION FOR COMPENSATION—COMPLAINT—INSUFFICIENCY—LAWS 1889, ACT No. 15, SEC. 1, CONSTRUED.—In an action for compensation for services rendered as a member of the board of supervisors, a complaint which alleges that "plaintiff rendered services in his attending and acting at regular, adjourned, and lawfully called special sessions of said board" is subject to a general demurrer, it not being alleged therein that any county business was transacted upon the days for which compensation is sought, and the statute, *supra,* providing for compensation "five dollars per day for each day's actual attendance at the sitting of said board at which sitting any county business is transacted."

2. SAME—SAME—SAME—COMPLAINT ALLEGING USURPATION OF OFFICE—FAILURE TO ALLEGE TRANSACTION OF BUSINESS BY DE JURE BOARD—PRESUMPTIONS.—When the complaint for compensation for services as a member of the board of supervisors shows that during the time the services were alleged to have been rendered he and the other members of the lawful board were excluded from office by certain usurpers, and fails to allege that the business of the county was transacted by the *de jure* board, it will be presumed to have been transacted by the *de facto* board.

3. SAME—SAME—VOLUNTARY PAYMENTS FOR BENEFIT OF COUNTY—NOT RECOVERABLE.—No recovery can be had on account of a voluntary

payment made by a member of the board of supervisors on account of costs and expenses in a suit by the county where there is no showing that plaintiff was authorized to make the payments and expenditures, nor that they were subsequently ratified.

4. SAME—SAME—VOLUNTARY EXPENDITURE IN ATTENDANCE UPON SUIT BY COUNTY—NOT RECOVERABLE.—Voluntary expenditures for travel, board, and lodging while attending a hearing on a suit by the county, made by a member of the board of supervisors, are not recoverable, no showing being made that plaintiff was authorized or requested by the county to be present.

ERROR to the District Court of the Second Judicial District in and for the County of Cochise. J. J. Hawkins, Judge. Affirmed.

The facts are stated in the opinion.

James Reilly, *in pro. per.*

The compensation of an office belongs to the officer *de jure,* and this even after the salary has been paid to the officer *de facto* (which was not done in this case). *People* v. *Potter,* 63 Cal. 127; *Ward* v. *Marshall,* 96 Cal. 155, 31 Am. St. Rep. 198, 30 Pac. 1113; *Memphis* v. *Woodward,* 12 Heisk. (Tenn.) 499, 27 Am. Rep. 750; *State* v. *Carr,* 129 Ind. 44, 28 Am. St. Rep. 163, 13 L. R. A. 177, 28 N. E. 88; *Andrews* v. *Portland,* 79 M. E. 484, 10 Am. St. Rep. 280, 10 Atl. 458; *Williams* v. *Clayton,* 6 Utah, 86, 21 Pac. 398.

Allen R. English, District Attorney, for Defendant in Error.

SLOAN, J.—Plaintiff in error, James Reilly, brought suit in the court below upon his complaint, wherein he sought to recover upon two causes of action. The first charged that the county was indebted to him in the sum of one hundred and sixty dollars for services rendered as a member of the board of supervisors of said county between the eighth day of September, 1893, and the thirty-first day of December, 1894. The facts alleged in support of the first cause of action are as follows: That on the —— day of June, 1893, a vacancy occurred in the office of supervisors of said county by reason of the resignation of Scott White, as a member of said board; that on said day, by petition of forty qualified electors, the

remaining members of the board, with the probate judge of said county, duly elected the plaintiff member of said board to fill said vacancy, and that thereupon plaintiff duly qualified as such supervisor as required by law, and thereupon entered upon the discharge of the duties of said office, and acted and served as such from the said —— day of June, 1893, to the thirty-first day of December, 1894; that between the eighth day of September, 1893, and the thirty-first day of December, 1894, "plaintiff rendered services as such supervisor to said county in attending and acting at regular, adjourned, and lawfully called special sessions of said board thirty-two days"; that on the ninth day of September, 1893, "certain persons, claiming to be supervisors and clerk of the board of supervisors of said county, forcibly took possession of the office of said board, and of the seal and records thereof, and forcibly excluded from said office, and from the records of said board, the lawful board of supervisors, of which plaintiff was a member, and the lawful clerk of said board, until the expiration of the term of office of said board, on December 31, 1894." The plaintiff further alleges that after the ninth day of September, 1893, and prior to the thirty-first day of December, 1894, several actions were brought to try the title to the offices of board of supervisors of said county, and that of the clerk of said board, which actions were not finally determined until February, 1895; that an action was also brought by the lawful board against the usurping board and its clerk to enjoin the latter from issuing and paying any warrants for their own *per diem* compensation and salaries; that thereafter, and in February, 1895, a final judgment was rendered in the latter action, adjudging the defendants to be usurpers in office, and perpetually enjoining the payment to them of any *per diem* compensation or salaries, and that no *per diem* compensation or salaries have, in fact, ever been paid to said usurpers; that, because of the pendency of said suits to try the title to said offices, plaintiff made no effort to recover any compensation for his services until after the final determination of said suits, in February, 1895; that on the —— day of April, 1895, plaintiff presented to the probate judge of said county "his claim for *per diem* for thirty-two days' services duly itemized and verified and certified by the lawful clerk of the board of which plaintiff' was a member, for allowance; and on the

—— day of April, 1895, the said probate judge and the said board of supervisors wholly disallowed said claim, and no part thereof has been ·paid.''

The second cause of action sued upon reads as follows: ''That on the 26th day of March, 1894, the lawful board of supervisors of said county of Cochise, of which plaintiff was a member, duly made a resolution appointing Allen R. English counsel for said county to bring an injunction suit against W. K. Perkins, E. A. Nichols, and C. S. Clark, usurping supervisors of said county, and Nat Hawk, usurping clerk of the board of supervisors · of said county, and others, to enjoin them from issuing county warrants in payment of their own *per diem* and salaries, which action was brought, the injunction issued, and sustained, and made final by judgment of this court; that at the time the resolution aforesaid was made and the injunction suit was brought, and during its pendency, the district attorney of said county and the clerk of this court were both partisans of and in collusion with the aforesaid usurping board and its clerk, and the said district attorney had refused to bring said injunction suit, though requested to do so by resolution of said lawful board, and refused to, in any way, further said suit, and the said clerk refused to do any duty as said clerk in said injunction suit unless his fees therefor were paid in advance; that, by reason of the recitals aforesaid, plaintiff necessarily paid to said clerk, as fees of said injunction suit, between the 30th day of March, 1894, and the 14th day of May, 1895, the sum of fourteen dollars, and during the same time necessarily traveled twice to Tucson to oppose motions to dissolve said injunctions, and to give testimony therein, and, in rendering said services, paid out of his own money for carriage and railroad fare, and for board and lodging, the sum of $46.80, of all which sums the said county had the benefit, and no part thereof has been paid; that on the 3d day of July, 1895, plaintiff presented to the board of supervisors of said county, and filed with its clerk, his claim, duly itemized and verified and certified to, as required by law, for said sums amounting to $60.80; and thereafter, on the 12th day of July, 1895, the said board wholly disallowed and rejected said claim.'' To this complaint defendant demurred on the ground that it failed to state a cause of action. This demurrer was sustained by the trial

court, and the correctness of this ruling presents the only question for our consideration.

The demurrer was properly sustained to the first cause of action, for the reason that it is not alleged therein that any county business was transacted upon the days for which compensation is sought. Section 1, Act No. 15, Laws 1889, provides: "Each member of the board of supervisors within this territory shall be allowed as compensation for their services five dollars per day for each day's actual attendance at the sitting of said board at which sitting any county business is transacted." It will be seen from this section that compensation is only allowed a supervisor when he attends a sitting of the board at which county business is actually transacted. The allegation in the complaint is, that "plaintiff rendered services in his attending and acting at regular, adjourned, and lawfully called special sessions of said board." Plaintiff also charges that during the time the alleged services were rendered he and the other lawful members of the said board were excluded from office by certain usurpers. If the latter were *de facto* officers, and in possession of the offices, it is fair to presume that the county business was actually transacted by the *de facto* board, and not by the *de jure* board, of which plaintiff was a member. If this were not so, plaintiff should have made the fact to appear by proper averment in his complaint.

The demurrer was also properly sustained to the second cause of action for the reasons: 1. The payment to the clerk does not appear to have been authorized by the board of supervisors or subsequently ratified as a payment for and in behalf of the county, and was therefore a voluntary payment, for which no recovery could be had; and 2. The expenditures for travel, board, and lodging while attending upon the hearing of motions to dissolve temporary injunctions appear, likewise, to have been voluntary. There is no showing that plaintiff was authorized to represent the county as an attorney upon said hearings; nor does it appear that he was present by the request of the county, or by subpœna, as a witness for the county. The judgment is affirmed.

Street, C. J., Davis, J., and Doan, J., concur.